IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael J. Easton, #20101546, | C/A No.: 1:19-8-DCC-SVH |
| Plaintiff, | |
| vs. | ORDER AND NOTICE |
| Capt. Marvin Nix, | |
| Defendant. | |

Michael J. Easton ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Captain Marvin Nix ("Nix") alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff alleges he was held past the 20-day extradition period. [ECF No. 1 at 6]. Plaintiff also complains about the conditions of confinement at Pickens County Detention Center alleging (a) he was housed with an inmate who has AIDS, (b) he was assaulted and injured, (c) there is no law library, (d) the medications provided and the diagnostic testing is inadequate, and (e) he is not allowed to call his attorney during office hours. [ECF No. 1-1 at 1–

2]. Plaintiff states Nix is in charge and he "overlooked issues." [ECF Nos. 1 at 4; 1-1 at 1]. Plaintiff seeks monetary damages. [ECF No. 1 at 6].

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se

2

pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher*

3

*v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Plaintiff's complaint provides no allegations to demonstrate Nix has personally violated Plaintiff's constitutional rights, or that he was deliberately indifferent to his subordinates' actions that posed a constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Accordingly, Plaintiff's complaint should be summarily dismissed. *See Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) (noting "[s]weeping conclusory allegations against a prison official will not suffice"; an inmate must set forth specific facts as to each individual defendant's participation).

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by January 18, 2019, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 4, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

5